UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| SOURIYA SYHARATH, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 4:17-CV-18-HSM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Federal inmate Souriya Syharath has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion, to which Syharath has replied. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Syharath's § 2255 motion will be denied.

**I.     BACKGROUND FACTS AND PROCEDURAL HISTORY**

Pursuant to a written plea agreement, Syharath pleaded guilty to conspiring to distribute with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a), (b)(1)(A) and possessing a firearm in furtherance of drug-trafficking crime in violation of 18 U.S.C. § 924(c) [Doc. 32 in No. 4:15-CR-06]. Syharath qualified as a career offender under United States Sentencing Guideline ("Guideline(s)") § 4B1.1 on account of two prior convictions: a Tennessee felony robbery and a Tennessee controlled substance offense [Doc. 53 ¶¶ 20, 32-33

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

in No. 4:15-CR-06]. Based on that classification, Syharath's base offense level was 37 and his criminal history category was VI [*Id*. ¶¶ 20, 36, 52]. The corresponding Guidelines range, including the consecutive 60-month sentence for the ¶ 924(c) offense, was 322 to 387 months' imprisonment [*Id*. ¶ 52]. However, both parties agreed that a sentence of 240 months' imprisonment would be appropriate pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) [Doc. 32 ¶ 5 No. 4:15-CR-06]. This Court accepted the Rule 11(c)(1)(C) agreement and sentenced Syharath, consistent with that agreement and without regard to the Guidelines range, to 240 months' imprisonment [Doc. 63 p. 3 in No. 4:15-CR-06].

Despite an appeal-waiver in his plea agreement, Syharath sought to appeal. The Sixth Circuit affirmed his sentence, holding that "[e]ven if the appeal waiver did not bar review of Syharath's sentence, there is no arguable basis on which to challenge the district court's sentencing determination" [Doc. 86 p. 3 in No. 4:15-CR-06]. Thereafter, Syharath filed the instant motion, claiming counsel was ineffective for allowing him to plead guilty to the § 924(c) count and for not disputing his career-offender classification in light of recent Supreme Court decisions. The Court ordered the Government to respond to the motion, and the United States complied by filing its response on May 10, 2017 [Doc. 4]. Syharath submitted a reply to the Government's response on or about June 28, 2017 [Doc. 5]. This matter is ripe for review.

## II.     LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire

proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

**III. DISCUSSION**

Syharath's claims involve allegations that he received the ineffective assistance of counsel. In *Strickland v. Washington*, the Supreme Court set forth a two-pronged test for determining whether a convicted defendant has received the ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* holds that a petitioner cannot establish the ineffective assistance of counsel unless he demonstrates (1) that counsel's performance was deficient, such that counsel did not render reasonably effective assistance as measured by prevailing professional norms; and (2) that he was prejudiced by the deficiency, i.e., that there exists a reasonable probability that but for counsel's alleged acts or omissions, the results of the proceedings would have been different. *See Strickland*, 466 U.S. at 687-88, 694; *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying *Strickland* test to § 2255 claims). The failure to satisfy either prong of *Strickland* requires dismissal of the claim and relieves the reviewing court of a duty to consider the other prong. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009); *see also Strickland*, 466 U.S. at 697.

**A.    § 924(c) plea**

Syharath argues that counsel was ineffective for allowing him to plead guilty to a § 924(c) violation for possessing a firearm in furtherance of a drug-trafficking crime because, in his view, the facts to which he stipulated when pleading guilty were legally insufficient to sustain such a conviction [Doc. 88 p. 12-15 in No. 4:15-CR-06].

Syharath's claim that counsel failed to investigate the facts surrounding his § 924(c) charge is baseless, as he fails to identify what facts counsel should have, but failed to, investigate. *See Cope v. United States*, 385 F. App'x 531, 533-34 (6th Cir. 2010) (explaining that "an attorney does

not provide deficient counsel by making investigative decisions based, quite properly, on information supplied by the defendant") (citation and internal quotation marks omitted). Moreover, Syharath specifically admitted that he "knowingly possessed a firearm in furtherance of" a drug trafficking crime, and that he used the firearm to protect the drugs stored at his house [Doc. 32 ¶¶ 2-3 in No. 4:15-CR-06]. Therefore, the undisputed facts establish that Syharath possessed a firearm in furtherance of drug trafficking]. Accordingly, Syharath has not established that counsel erred in his advice as to that count, as the facts stipulated by Syharath establish his guilt to that offense.

### B. Career-offender classification

Syharath next faults counsel for not arguing that his prior Tennessee convictions were not qualifying career-offender predicate offenses under the Guidelines, as they were not crimes of violence after the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which struck down the residual clause of the Armed Career Criminal Act as unconstitutionally vague and violative of due process [ Doc. 88 p. 18-22, 23-29 in No. 4:15-CR-6]. As an initial matter, the Court finds that Syharath's claim lacks merit, as his sentence was not based on his career-offender classification, but rather, his Rule 11(c)(1)(C) agreement [Doc. 32 ¶ 5 in No. 4:15-CR-06]. As such, even if his classification as a career offender had been incorrect, it did not affect his negotiated 240-month sentence. Accordingly, he cannot establish that he was prejudiced by counsel's failure to object to his Guidelines calculation on direct appeal. However, out of an abundance of caution, the Court will address Syharath's specific arguments.

#### 1. Robbery

Syharath's prior Tennessee robbery conviction is a crime of violence under the Guidelines, which the Supreme Court has held "are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Moreover, robbery under Tennessee

law unquestionably qualifies as a "crime of violence" under § 4B1.2 because it involves the use of force. *See United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014).

### 2. Controlled substance offense

Syharath also argues that his counsel was ineffective for not contesting whether his prior conviction for violating Tenn. Code Ann. § 39-17-435 was a "controlled substance offense" under the Guidelines [Doc. 88 p. 123-29 in No. 4:15-CR-6]. The Guidelines define a controlled substance offense as a felony offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance. . . or the possession of a controlled substance. . . with intent to manufacture, import, export, distribute, or dispense." Guideline § 4B1.2(b).

The Tennessee statute at issue, Tenn. Code Ann. § 39-17-435 provides that "[i]t is an offense for a person to knowingly initiate a process intended to result in the manufacture of any amount of methamphetamine." Tenn. Code Ann. § 39-17-435(a). Therefore, by its plain terms, a violation of Tenn. Code Ann. § 39-17-435 is a "controlled substance offense" under the Guidelines, which "prohibits the manufacture. . . of a controlled substance offense." Guideline § 4B1.2(b).[2]

### 3. Summary

Syharath has failed to identify any valid basis upon which counsel should have disputed his career-offender classification or challenged his § 924(c) conviction on appeal. Therefore, he cannot demonstrate that counsel performed deficiently or that he was prejudiced as a result.

---

[2] To determine whether a prior conviction is a controlled substance offense under § 4B1.2, courts ordinarily apply a categorical approach, which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute of conviction is broader than that criminalizing the generic offense, then it cannot qualify as a violent felony, regardless of the facts comprising the offense. *See, e.g., Mathis*, 136 S. Ct. at 2248-49.

### IV. MOTION TO APPOINT COUNSEL

Contemporaneously with his § 2255 motion, Syharath filed a motion seeking the appointment of counsel in this proceeding [Doc. 89 in 4:15-CR-6]. However, this Court has found that Syharath's allegations are without merit, and that an evidentiary hearing is not warranted. Accordingly, Syharath's motion for the appointment of counsel will be denied. *See* 18 U.S.C. § 3006A(a)(2)(B) (authorizing court to appoint counsel for § 2255 applicant when it "determines that the interests of justice so require"); Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts (requiring court to appoint attorney to indigent defendant in § 2255 proceeding if evidentiary hearing is warranted).

### V. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Syharath must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## VI. CONCLUSION

For the reasons stated herein, Syharath has failed to establish any basis upon which § 2255 relief could be granted, and his § 2255 motion, along with his motion to appoint counsel, will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Judgment Order will enter.**

                                             */s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE